UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| AMANDA HEAD ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, <br><br> PLAINTIFF <br><br> v. <br><br> VIDHI HOSPITALITY, INC. AND HITESHBHAI PATEL, INDIVIDUALLY, <br><br> DEFENDANTS | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:22-cv-539 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Amanda Head ("Named Plaintiff") on behalf of herself and all others similarly situated ("Class Members") (Named Plaintiff and Class Members are collectively referred to as "Plaintiffs") brings this Fair Labor Standards Act ("FLSA") suit against Vidhi Hospitality, Inc. and Hiteshbhai Patel, Individually under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Vidhi Hospitality, Inc. and Hiteshbhai Patel ("Defendants") have violated the FLSA by failing to pay overtime wages and minimum wages to their employees.

3. Because there are other putative Plaintiffs who are similarly situated to the Named Plaintiff with regard to the work performed and the Defendants' compensation policies, Named Plaintiff brings this action as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

4. Named Plaintiff Head is an individual residing in Minnesota. Opt-in Plaintiff Christiansen is an individual residing within this Judicial District. Their notices of consent are attached to Plaintiff's Original Collective Action Complaint as Exhibits A and B, respectively.

5. At all relevant times, Head was an "employee" of Defendants as defined by the FLSA.

6. At all relevant times, Defendants were Head's "employer" as defined by the FLSA.

7. Plaintiffs are Defendants' current and former hotel staff employees who were either 1) paid on an hourly basis and who were not paid any overtime premiums for hours worked over forty in a workweek and/or 2) who were paid absolutely nothing at all for their work for Defendants.

8. Defendant Vidhi Hospitality, Inc. is a domestic corporation formed and existing under the laws of the State of Wisconsin.

9. Defendant Vidhi Hospitality, Inc. was an employer of Named Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

10. Defendant Vidhi Hospitality, Inc. can be served by serving its registered agent for service of process, Hiteshbhai Patel, at 1828 S Hastings Way, Eau Claire, WI 54701.

11. Defendant Hiteshbhai Patel is the owner of Defendant Vidhi Hospitality, Inc.

12. Defendant Hiteshbhai Patel was an employer of Named Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

13. Defendant Hiteshbhai Patel can be served at 1828 S Hastings Way, Eau Claire, WI 54701, or wherever else he may be found.

14. At all times hereinafter mentioned, Hiteshbhai Patel exercised managerial responsibilities and substantial control over Vidhi Hospitality, Inc.'s employees, including Named Plaintiff, and the terms and conditions of their employment.

15. Hiteshbhai Patel had and exercised the authority to hire, fire and direct Vidhi Hospitality, Inc.'s employees, including Named Plaintiff.

16. Hiteshbhai Patel had and exercised the authority to supervise and control the employment relationships and work schedules of Vidhi Hospitality, Inc.'s employees, including Named Plaintiff.

17. Hiteshbhai Patel had and exercised the authority to set and determine the rate and method of pay of Vidhi Hospitality, Inc.'s employees, including Named Plaintiff.

18. Hiteshbhai Patel had and exercised the authority to decide whether Vidhi Hospitality, Inc.'s employees, including Named Plaintiff, received overtime compensation.

19. Hiteshbhai Patel also kept and maintained employment records for all employees of Vidhi Hospitality, Inc., including Named Plaintiff .

### III. JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction in this matter because Named Plaintiff asserts claims arising under federal law. Specifically, Named Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

21. The Court has personal jurisdiction over Defendants because Defendants conduct business in

Wisconsin and have entered into relationships with Plaintiff in Wisconsin and have committed actions in Wisconsin that give rise to this cause of action.

22. Venue is proper in the Western District of Wisconsin, pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to this cause of action occurred in this District and Division. Inasmuch as Defendants are subject to this Court's personal jurisdiction for purposes of this civil action, Defendants reside in this judicial district. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV. COVERAGE UNDER THE FLSA

23. At all relevant times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

24. At all relevant times, Defendants have been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

25. At all relevant times, Defendant Vidhi Hospitality, Inc. has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

26. At all relevant times, Defendant Vidhi Hospitality, Inc. has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

27. Named Plaintiff and Class Members handled and otherwise worked with equipment, such as telephones, linens, cleaning supplies, vacuum cleaners, mops and brooms that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

28. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]," within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

29. Defendants operate Regency Inn and Suites in Eau Claire, Wisconsin, a hotel that is notorious in Eau Claire as being, among other things, a public nuisance. Defendants employ individuals residing at their hotel but either do not pay them overtime premiums for any hours worked over forty per workweek, or they simply do not pay them at all.

30. Throughout her employment with Defendants, Named Plaintiff consistently worked more than forty hours per workweek.

31. Named Plaintiff never received overtime premiums for any hours worked over forty per workweek.

32. Instead, Named Plaintiff was paid straight time for all hours worked.

33. Defendants regularly refused to pay Named Plaintiff overtime premiums for any hours worked over forty per workweek.

34. Although they consistently worked very long hours, well over forty hours per week, Plaintiffs were not properly compensated for their overtime hours, in the event that they were compensated at all. Defendants required Plaintiffs to work the long hours described above, and thus knew that Plaintiffs regularly worked in excess of 40 hours per week. Nonetheless, Defendants failed and

refused to compensate Plaintiffs at a rate that is not less than time-and-one-half their regular rates of pay for all hours worked in excess of 40 in a workweek, again, in the event that they compensated Plaintiffs at all.

35. Defendants have employed and are employing other individuals who have performed the same job duties under the same pay provisions as Named Plaintiff, in that they have performed, or are performing, the same job duties and have been denied overtime compensation at a rate of not less than one-and-one-half times their regular rates of pay for all hours worked over forty per workweek.

36. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay Named Plaintiff and the Class Members overtime premiums for all hours worked over forty per workweek.

37. Further, Defendants have employed and are employing other individuals who have or are performing the same job duties as Named Plaintiff and have been denied minimum wages.

38. Defendants have knowingly, willfully, or with reckless disregard carried out, and continue to carry out, their illegal pattern or practice of failing to pay the Class Members minimum wages for all hours worked each week.

## VI. COLLECTIVE ACTION ALLEGATIONS

39. Named Plaintiff and the Class Members have performed—and are performing—the same or similar job duties as one another. Further, Named Plaintiff and the Class Members were subjected to the same pay provisions in that they were not paid overtime premiums for any hours worked over forty per workweek and/or were not paid minimum wage for any hours at all. Thus, the Class Members are owed one and one-half times their properly calculated regular hourly rates for all

hours worked over forty in a workweek without regard to their individualized circumstances. The Class Members are also owed minimum wage for all unpaid hours worked up to 40 hours per week.

40. Defendants have a policy or practice of not paying their hotel staff overtime premiums for any hours worked over forty per workweek. Defendants also have a policy or practice of not paying their hotel staff minimum wages. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit. Rather, these same policies or practice that resulted in the refusal to pay overtime premiums and minimum wages apply to all Class Members. Accordingly, the "Class Members" are properly defined as:

> **All current and former hotel staff as well as any other non-exempt hourly employees of Defendants who were not paid overtime premiums, minimum wage, or both.**

## VII. CAUSE OF ACTION

### FAILURE TO PAY OVERTIME AND MINIMUM WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

41. During the relevant period, Defendants have violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating such employees for all of their work in excess of forty hours per week at rates no less than one-and-one-half times their correct regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiffs in accordance with applicable law.

42. Defendants have also violated and are violating Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, and by failing to pay these employees minimum wage for all hours worked up to 40 hours per workweek.

43. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime premiums or minimum wage are applicable to the Named Plaintiff or Class Members.

## VIII. PRAYER FOR RELIEF

Named Plaintiff and the Class Members pray for an expedited order directing notice to putative class members pursuant to 29 U.S.C. § 216(b), and, upon trial of this cause, judgment against Defendants, jointly and severally, as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid overtime and minimum wages due to Named Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff (and those who may join the suit);

    b.    For an Order awarding Named Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

    c.    For an Order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees;

    d.    For an Order awarding Named Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

    e.    For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*; and

    f.    For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

Welmaker Law, PLLC

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
409 N. Fredonia, Suite 118
Longview, Texas 75601
(512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**